UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | |
|---|---|
| GD CHAMPAIGN LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-2200 |
| | ) |
| HUMPHREYS & PARTNERS ARCHITECTS, L.P. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff GD Champaign, LLC ("GD"), by and through its undersigned counsel, for its Complaint against Defendant Humphreys & Partners Architects, L.P. ("HPA"), alleges as follows:

## INTRODUCTION

1. This is a simple breach of contract action. HPA contracted with GD to provide architectural services – including structural engineering – for two structures of a student housing complex in Champaign, Illinois. HPA, or one of its subconsultants, provided negligent structural engineering, requiring GD to spend a substantial sum in remediating the engineering failures.

2. Under the parties' agreement, HPA is obligated to indemnify GD for damages arising from it or its subconsultant's negligence. However, HPA has not paid GD despite GD's numerous demands for HPA to follow through on its agreed-upon indemnification obligation. This refusal to pay is a breach of the parties' contract and entitles GD to relief as requested herein.

## PARTIES

3. GD Champaign, LLC is a Delaware limited liability company authorized to do business in Illinois. Its members include Gilbane Development Company, a Rhode Island

corporation, and six individuals residing in Florida, Rhode Island, Massachusetts, and New Jersey.

4.      Humphreys & Partners Architects, L.P. is a Texas limited partnership. The general partner of the partnership is HPAT, LLC, a Texas limited liability company. The partnership has one limited partner, Mark Humphreys, an adult resident of the State of Texas. Mark Humphreys is also the sole member and manager of HPAT, LLC.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, namely, GD, a citizen of Rhode Island, Florida, Massachusetts, and New Jersey, and HPA, a citizen of Texas.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district. Specifically, the student housing complexes, for which GD contracted with HPA to provide professional architectural services, are located in Champaign.

## FACTUAL ALLEGATIONS

7.      GD is the owner and developer of the Octave Champaign Student Housing Project, a development to design and construct a student housing complex in Champaign, Illinois (the "Project").

8.      GD selected HPA, an architectural firm, to design the structures in the Project complex. On October 13, 2017, GD and HPA executed "AIA Document B101 – 2007 Standard Form of Agreement Between Owner and Architect" (the "Agreement") whereby HPA agreed to provide professional architectural services in designing the Project structures.

9.      Specifically, under Section 3 of the Agreement, HPA agreed to provide "usual and customary structural, mechanical, and electrical engineering services" in its provision of services to the Project.

10.     Further, under Section 2.5.2 of the Agreement, HPA agreed to indemnify GD

against liability for the negligent acts or omissions of HPA, its agents, representatives, or subconsultants, in connection with the Project.

11. Finally, under Section 8.2.1 of the Agreement, GD and HPA agreed to mediate disputes arising out of or related to the Agreement before seeking resolution to the dispute in court.

12. GD performed all its contractual obligations to HPA under the Agreement. Among other examples of GD's full compliance with its obligations under the Agreement, GD provided the requisite information to assist HPA in performing its obligations under the Agreement, created and updated the Project budget as necessary, and coordinated the actions of the parties working on the Project.

13. However, despite GD's full compliance with the Agreement, the Project suffered significant delays and the structures required substantial remediation due to faulty structural engineering by HPA, or one of its subconsultants.

14. Specifically, the Project required remediation due to the use of undersized structural components, as well as the failure to use required structural components. These serious failures compromised the structural integrity of the buildings in the complex. After the discovery of these errors, HPA, or one of its subconsultants, designed repairs that initially exacerbated the underlying structural problems.

15. The structural engineering failures caused GD significant expense to remediate and rework the structures and ensure the structural integrity of the buildings. While HPA cooperated with the necessary remediation, the cost of the remediation has been entirely borne by GD.

16. GD sent HPA a Notice of Claim on July 17, 2019. The Notice detailed GD's claim that HPA, or one of its subconsultants, provided negligent structural engineering services in designing the Project structures. On that basis, GD demanded indemnification for the costs to remediate the failures of HPA, or one of its subconsultants, as required by Section 2.5.2 of the Agreement.

17. On October 4, 2019, GD followed up on its Notice of Claim by sending correspondence to Robin Bellerby, an HPA representative, specifying that HPA or its subconsultant caused $1,667,405.00 of damages. The correspondence included an itemization of damages and supporting documentation.

18. On December 2, 2019, through outside counsel, GD sent to HPA a Demand and Restated Notice of Claim, again demanding payment of $1,667,405.00 for HPA or its subconsultant's negligence.

19. In response to GD's demands, HPA has acknowledged that fundamental errors occurred in its provision of structural engineering services for the Project.

20. However, HPA contends that the structural engineering failures are the result of its subconsultant's errors. Even if this were true, the indemnification provision in the Agreement holds HPA responsible for the negligent acts of its subconsultants.

21. Pursuant to the mediation requirement under Section 8.2.1 of the Agreement, GD and HPA initiated mediation to resolve their dispute before the American Arbitration Association on February 13, 2020.

22. On March 11, 2020, GD and HPA agreed to waive the Agreement's mediation requirement and the AAA closed the mediation proceedings the following day.

23. To date, HPA has not paid GD despite its obligation to indemnify GD pursuant to the Agreement.

## COUNT I – BREACH OF CONTRACT

24. GD incorporates by reference Paragraphs 1 through 23 of this Complaint.

25. The Agreement is a valid and enforceable contract between GD and HPA.

26. GD performed pursuant to its obligations under the Agreement.

27. HPA breached the Agreement by providing – either by itself or through a subconsultant – negligent structural engineering services and thereafter failing to indemnify GD for damages arising out of HPA or its subconsultant's negligence.

28. GD has suffered damages in the amount of $1,667,405.00 plus pre-judgment

interest through necessary remediation of the structures to resolve the structural engineering failures caused by HPA or its subconsultant.

## COUNT II – PROMISSORY ESTOPPEL

29. GD incorporates by reference Paragraphs 1 through 23 of this Complaint.

30. HPA unambiguously promised that it would indemnify GD for the negligent acts or omissions of it or its subconsultants.

31. GD relied on HPA's promise and initially bore the costs of remediating the Project structures with the justifiable expectation that HPA would indemnify GD for the remediation costs.

32. GD's reliance on HPA's promise was expected and foreseeable because both parties acknowledged the indemnification obligation in the Agreement.

33. GD suffered damages in the amount of $1,667,405.00 when HPA reneged on its promise to indemnify GD.

## COUNT III – ACCOUNT STATED

34. GD incorporates by reference Paragraphs 1 through 23 of this Complaint.

35. GD rendered a statement of account to HPA on October 4, 2019, for debt HPA owed to GD under HPA's obligation to indemnify GD pursuant to the parties' Agreement.

36. GD rendered an additional statement of account to HPA on December 2, 2019.

37. HPA has retained these statements of account without objection to the accuracy of the accounts, and has therefore established an account stated on the amount of debt HPA owes to GD.

WHEREFORE, GD respectfully requests the Court enter judgment as follows:

A. Compensatory damages in an amount to be determined at trial, but not less than $1,667,405.00;

B. All applicable pre-judgment interest running from the date of GD's initial itemized demand to HPA and post-judgment interest;

C. Costs incurred in bringing this action;

D. Any other relief the Court deems just and equitable.

Dated this 15th day of July, 2020

Respectfully submitted,

By: /s/ Scott Nehls
Andrew S. Oettinger (*lead counsel*)
(*pro hac vice admission forthcoming*)
Wisconsin State Bar No. 1053057
Nicholas J. Bezier
Wisconsin State Bar No. 1101618
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: aoettinger@gklaw.com
nbezier@gklaw.com

Scott Nehls
Illinois State Bar No. 6290318
Fuchs & Roselli, Ltd.
200 South Wacker, Suite 600
Chicago, IL 60606
Phone: 312-651-2400
Fax: 312-651-2499
Email: snehls@frltd.com